127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen BISHOP, Plaintiff-Appellant,
v.
CSO DAUGHTERY, Defendant-Appellee.
 No. 97-15876.
 United States Court of Appeals, Ninth Circuit.
 Oct. 24, 1997.**
 
 Appeal from the United States District Court for the District of Arizona.
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stephen Bishop, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant in Bishop's 42 U.S.C. § 1983 action regarding loss of his legal mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment in favor of defendant Daughtery, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Bishop contends the district court erred by granting summary judgment in favor of defendant on his access to courts claim. This contention lacks merit.
 
 
 4
 Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1996). If the moving party does not bear the burden of proof at trial, he may discharge his burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. In order to establish the denial of access to the courts, a plaintiff must show that the defendant's actions hindered his efforts to pursue a legal claim. See Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996).
 
 
 5
 Here, the district court properly granted summary judgment in favor of defendant Daughtery. Celotex, 477 U.S. at 325. In his amended complaint, Bishop alleged that defendant denied him access to the courts because an envelope containing legal pleadings and supporting documents for filing in Bishop's habeas corpus action never arrived at its destination. He also alleged that his mail was routinely lost or misplaced. However, in his deposition, Bishop acknowledged that defendant Daughtery followed the procedures for certified mail and picked up the envelope when he picked up the rest of the mail to be delivered. Moreover, Bishop admitted that instead of addressing his envelope to the District Court Clerk in Tucson, Arizona, where the action was pending, he addressed the envelope to the District Court in Tacoma, Washington, where the visiting judge assigned to the federal habeas corpus actions was located. Bishop stated that because the envelope never reached its destination, it must have been mishandled from the outset. We agree with the district court that Bishop failed to raise a genuine material fact as to whether Daughtery was personally responsible for the loss of his mail. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (stating that to establish liability under 42 U.S.C. § 1983, a plaintiff must show defendant's acts or omissions caused a constitutional deprivation); see also Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir.1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment").
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3